UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| BEHROOZ ABDUL K., <br><br>  Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>  Defendant. | Case No. 1:22-cv-00511-AKB-REP <br><br> **REPORT AND RECOMMENDATION** |

Pending is Plaintiff Behrooz Abdul K.'s "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision" (the "Complaint") (Dkt. 3), appealing the Social Security Administration's denial of his disability claim. This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully considered the record and otherwise being fully advised, the Court enters the following Report and Recommendation.

## I. ADMINISTRATIVE PROCEEDINGS

On December 26, 2019, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits. Plaintiff also filed a Title XVI application for supplemental security income on April 8, 2021. In both applications, Plaintiff alleged disability beginning October 1, 2019. These claims were initially denied on July 30, 2020, and again on reconsideration on January 15, 2021. On April 5, 2021, Plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ"). On November 17, 2021, ALJ Stephen Marchioro held a telephone hearing (due to the

**REPORT AND RECOMMENDATION - 1**

COVID-19 Pandemic), at which time Plaintiff, appearing with his attorney Jacqueline L. Justice, testified. Connie Hill, an impartial vocational expert, also appeared and testified at the same hearing.

On February 1, 2022, the ALJ issued a decision denying Plaintiff's claims, finding that he was not disabled within the meaning of the Social Security Act. Plaintiff timely requested review from the Appeals Council. On December 6, 2022, the Appeals Council denied Plaintiff's Request for Review, making the ALJ's decision the final decision of the Commissioner of Social Security.

Having exhausted his administrative remedies, Plaintiff brings this case *pro se*. His Complaint alleges only that (i) "[t]he [ALJ] appears to have abused his discretion," and (ii) "[t]he [ALJ's February 1, 2022] decision is not supported by substantial evidence." Compl. at 3 (Dkt. 3). Plaintiff therefore requests that the Court either reverse the ALJ's decision and find that he is entitled to benefits, or remand the case for further proceedings. *Id*. at 3-4.

## II.  STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. *See* 42 U.S.C. § 405(g). If there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

**REPORT AND RECOMMENDATION - 2**

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). But the Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

**REPORT AND RECOMMENDATION - 3**

## III.  THE SEQUENTIAL PROCESS

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA").  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful.  20 C.F.R. §§ 404.1572, 416.972.  "Substantial work activity" is work activity that involves doing significant physical or mental activities.  20 C.F.R. §§ 404.1572(a), 416.972(a).  "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b).  If the claimant has engaged in SGA, disability benefits are denied regardless of his medical condition, age, education, and work experience.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If the claimant has not engaged in SGA, the analysis proceeds to the second step.  Here, the ALJ found that Plaintiff has not engaged in SGA since October 1, 2019 (the alleged onset date).  AR 19.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  An impairment or

**REPORT AND RECOMMENDATION - 4**

combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522, 416.922. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, the ALJ found that Plaintiff has the following severe medically determinable impairments: "degenerative disc disease of the thoracic and lumbar spine, obesity, and depressive disorder." AR 20.

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the ALJ concluded that Plaintiff's above-listed medically determinable impairments, while severe, do not meet or medically equal, either singly or in combination, the criteria established for any of the qualifying impairments. AR 20-23.

The fourth step requires the ALJ to determine whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his

**REPORT AND RECOMMENDATION - 5**

impairments. 20 C.F.R. §§ 404.1545, 416.945. An individual's past relevant work is work he performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work lasted long enough for the claimant to learn to do the job and be engaged in SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. Here, the ALJ concluded:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except for the following limitations: occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch and crawl; occasionally tolerate exposure to extreme cold and vibrations; avoid all exposure to unguarded moving mechanical parts and unprotected heights; and perform no more than simple and routine tasks.

AR 23.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014). If the claimant can do such other work, he is not disabled; if the claimant cannot do other work and meets the duration requirement, he is disabled. Here, the ALJ found that Plaintiff was unable to perform any of his past work activities (described as a "senior enlisted advisor"), but was still capable of working full-time as a mail clerk, office helper, or inspector/packager. AR 26-27. Based on these findings, the ALJ concluded that Plaintiff has not been under

**REPORT AND RECOMMENDATION - 6**

a disability from October 1, 2019 (the alleged onset date) through the date of the decision.  AR 27-28.

## IV. REPORT

This action was filed on December 19, 2022 (Dkt. 3).  On December 20, 2022, the Court issued a Procedural Order (Dkt. 4), which indicated that "the Federal Rules of Civil Procedure Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) govern these proceedings."  On December 21, 2022, the Court granted Plaintiff's In Forma Pauperis Application (Dkt. 8).

On March 20, 2023, after obtaining an extension (Dkt. 15), Defendant timely filed a certified copy of the administrative record (Dkt. 16).  Under Rule 6 of the above-referenced Supplemental Rules, the deadline for filing a brief in support of Plaintiff's Complaint was April 19, 2023 (30 days after the filing of the certified copy of the administrative record).  However, Plaintiff neither filed an opening brief nor sought an extension of the April 19, 2023 deadline.

On October 12, 2023, the Court issued an Order to Show Cause, outlining the briefing requirements and stating in relevant part:

> Plaintiff has a duty to prosecute this action, and failure to do so may be grounds for dismissal for lack of prosecution.  *See* Fed. R. Civ. P. 41(b); *see also Long v. Astrue*, 416 F. App'x 633, 634 (9th Cir. 2011) (unpublished) (upholding the dismissal of a Social Security appeal for failure to prosecute where the plaintiff had not served summons and did not show cause for his failure to do so).

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff shall file a response by October 26, 2023 showing cause why Plaintiff has

REPORT AND RECOMMENDATION - 7

not filed a brief in support of Plaintiff's Complaint by the April 19, 2023 deadline.  **Failure to respond to this Order may result in the dismissal of this action without further notice.**

10/12/23 Order to Show Cause at 1-2 (Dkt. 17) (emphases in original).  Plaintiff neither filed a response to the Court's October 12, 2023 Order to Show Cause nor sought an extension of the October 26, 2023 deadline.

On November 1, 2023, the undersigned issued a Report and Recommendation to the district judge assigned the case,[1] recommending that Plaintiff's Social Security appeal be dismissed for failure to obey a court order and for Plaintiff's failure to prosecute this action.  11/1/23 Rpt. and Recomm. at 1-2 (Dkt. 18).  The Court understands that Plaintiff thereafter contacted the Court and indicated that (i) he had not received the Order to Show Cause, but confirmed that (ii) he did receive the Report and Recommendation.  Plaintiff then filed a response to the Order to Show Cause on November 9, 2023, stating only: "This all [sic] prosecution, is my response to civil court."  Resp. to Order to Show Cause at 1 (Dkt. 19).  Plaintiff also attached approximately 500 pages of the administrative record.  *Id*. at Exs. 1-4 (Dkt. 19-1 through 19-4).  That was it.

On November 16, 2023, U.S. District Judge Amanda K. Brailsford declined to adopt the Report and Recommendation in light of Plaintiff's apparent response to the Order to Show Cause.  11/16/23 Order (Dkt. 20).  Instead, Judge Brailsford ordered

---

[1] Because not all parties consented to the undersigned's jurisdiction when originally assigned, the action was reassigned to a district judge on January 11, 2023.  Once reassigned to a district judge, the action was then referred back to the undersigned on January 13, 2023 to conduct all necessary and proper proceeding pertaining thereto.  The undersigned therefore issued the November 1, 2023 Report and Recommendation in light of the referral from the district judge.

**REPORT AND RECOMMENDATION - 8**

Plaintiff to file a brief in support of his Complaint by November 30, 2023. *Id*. at 2. Judge Brailsford also expressly highlighted how the Committee Notes under Rule 6 of the above-referenced Supplemental Rules provide that Plaintiff's brief is to "cit[e] to the parts of the administrative record that support an assertion that the final decision is not supported by substantial evidence or is contrary to law." *Id*. Finally, Judge Brailsford cautioned Plaintiff that the case may be dismissed if he failed to meet the extended deadline. *Id*.

On November 27, 2023, Plaintiff filed "A Brief in Support Behrooz Abdul Karem [sic] Complaint," stating only: "This my [sic] brief in support Complaint [sic]." Brief ISO Compl. at 1 (Dkt. 21). Plaintiff also attached approximately 76 pages of the administrative record, including copies of the November 2021 administrative hearing transcript, record index, and administrative notices and decisions. *Id*. That was it. Critically, Plaintiff does not raise *any* specific arguments alleging error by the ALJ. Plaintiff likewise does not cite to any specific evidence in the record that could be understood as supportive of his general claim (stated only within his Complaint) that the ALJ "abused his discretion" and that the ALJ's decision "is not supported by substantial evidence." *Supra*.

The Court recognizes that "a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). Nevertheless, the Court will not address issues that are not argued with any specificity. *See Carmickle v. Comm'r Soc.*

**REPORT AND RECOMMENDATION - 9**

*Sec. Admin.*, 533 F.3d 1155, 1166 n.2 (9th Cir. 2008) (failure to address the ALJ's finding "with any specificity" in briefing constitutes waiver). By not advancing any particular argument whatsoever as to how the ALJ erred, especially after Judge Brailsford's direction to do so, the Court is unable to grant relief in Plaintiff's favor. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("[C]laimant carries the initial burden of proving a disability."). A general allegation that the ALJ committed legal error, or that the ALJ's determination is not supported by substantial evidence, is simply not enough. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) (holding that the Ninth Circuit "has repeatedly admonished that we cannot 'manufacture arguments for appellant'" and will only review "'issues which are argued specifically and distinctly in a party's opening brief'") (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)); *see also Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 873 (9th Cir. 2001) (finding that the appellant's failure to develop his argument rendered it incapable of assessment by the court).

At bottom, there is no basis for a reversal or remand. The undersigned therefore recommends that the Court affirm the ALJ's decision denying Plaintiff's claims.

## V. RECOMMENDATION[2]

Based on the foregoing, IT IS HEREBY RECOMMENDED that the decision of the Commissioner be AFFIRMED, that Plaintiff's Complaint (Dkt. 3) be DENIED, and this action be DISMISSED in its entirety, with prejudice.

---

[2] The undersigned issues this second Report and Recommendation for the same reasons that prompted the November 1, 2023 Report and Recommendation.

**REPORT AND RECOMMENDATION - 10**

Pursuant to District of Idaho Local Civil Rule 72.1(b)92), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty (20) pages . . . within fourteen (14) days . . ., unless the magistrate judge or district judge sets a different time period."  Additionally, the other party "may serve and file a response, not to exceed twenty (20) pages, to another party's objections within fourteen (14) days after being served with a copy thereof."



DATED:  February 20, 2024

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

REPORT AND RECOMMENDATION - 11