UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BEHROOZ ABDUL K.,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:22-cv-00511-AKB-REP<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Plaintiff Behrooz Abdul K. seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's application for supplemental social security income under Title XVI of the Social Security Act. Plaintiff filed a complaint for review of the Commissioner's final decision. (Dkt. 3). The district court referred the case to the Magistrate Court, which issued a Report and Recommendation, recommending the Commissioner's decision be affirmed. (Dkt. 25). Plaintiff timely objected to the Report and Recommendation. (Dkt. 26).

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1), the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, the court "shall make a de novo determination of those portions of the report to which objection is made." *Id.* When no objections are filed, however, the court need not conduct a de novo review. To the extent no objections are made, any arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (providing objections are waived if they are not filed within fourteen days of service of the Report and

Recommendation). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## DISCUSSION

The case's background is correctly stated in the **Report and Recommendation**. (Dkt. 25). On December 26, 2019, Plaintiff protectively filed an application for supplemental social security income, claiming a disability beginning October 1, 2019. (Dkt. 16-2 at p. 18). Plaintiff's application was denied both initially and on reconsideration. (*Id.*) Plaintiff challenged the denial before an administrative law judge, and on November 17, 2021, ALJ Stephen Marchioro held a telephonic hearing, at which Plaintiff, represented by counsel, testified. Connie Hill, an impartial vocational expert, also appeared and testified. (*Id.*).

After considering the testimony of Plaintiff and the vocational expert and the entire record, the ALJ issued a written decision on February 1, 2022. (Dkt. 16-2 at pp. 18-29). The ALJ concluded that Plaintiff's impairments were severe but that they neither singularly nor in combination meet or are medically equal to the criteria for any qualifying impairments. (*Id*. at p. 21). In reaching this conclusion, the ALJ found that Plaintiff "has the residual functional capacity [RFC] to perform light work." (*Id*. at p. 25). The ALJ found that Plaintiff "is unable to perform any past relevant work," described as a "Senior Enlisted Advisor," but was still capable of working full-time as a mail clerk, office helper, or inspector/packager. (*Id*. at pp. 27, 28). Finally, the ALJ concluded that Plaintiff had not been under a disability since the alleged onset date through the date of the decision. (*Id*. at p. 28). Plaintiff requested the

Appeals Council to review the denial, and on December 6, 2022, the Appeals Council denied his request. (Dkt. 16-2 at p. 2).

Having exhausted his administrative remedies, Plaintiff, appearing pro se, filed a complaint for Review of a Social Security Disability or Supplemental Security Income Decision (Complaint) on December 19, 2023. (Dkt. 3). The Complaint alleges only that "[t]he Administrative Law Judge appears to have abused his discretion," and the ALJ's February 1, 2022, "decision is not supported by substantial evidence." (Dkt. 3 at p. 3). Plaintiff requests that the Court either reverse the ALJ's decision and find he is entitled to benefits or remand the case for further proceedings. (*Id*. at pp. 3-4).

Because Plaintiff failed to timely file a brief in support of the Complaint, the Magistrate Judge issued an Order to Show Cause on October 12, 2023, ordering Plaintiff to "file a response by October 12, 2023 showing cause why Plaintiff has not filed a brief in support of Plaintiff's Complaint by the April 19, 2023 deadline." (Dkt. 17 at p. 2). On November 1, 2023, the Magistrate Judge issued a Report and Recommendation, recommending Plaintiff's appeal be dismissed for failure to prosecute and failure to obey the Order to Show Cause. (Dkt. 18). Thereafter, the Court understood Plaintiff contacted the Court, indicating he had not received the Order to Show Cause. Plaintiff subsequently filed a response to the Order to Show Cause on November 9, 2023. (Dkt. 19). For these reasons, the Court declined to adopt the Report and Recommendation at that time. (Dkt. 20). The Court, however, ordered Plaintiff to file a brief in support of the Complaint no later than November 30, 2023, and directed Plaintiff to "cit[e] to the parts of the administrative record that support an assertion that the final decision is not supported by substantial evidence or is contrary to law" under Rule 6 of the Federal Rules of

Civil Procedure Supplement Rules for Social Security Actions Under 42 U.S.C. § 405(g). (Dkt. 20 at p. 2).

On November 27, 2023, Plaintiff filed a brief in support of the Complaint, stating only: "This [is] my brief in support [of the] Complaint." (Dkt. 21 at p. 1). While Plaintiff attached approximately seventy-six pages of the administrative record, the Magistrate Judge issued a new Report and Recommendation on February 20, 2024, in which he recommends the Court affirm the ALJ's decision denying Plaintiff's claims, reasoning:

> By not advancing any particular argument whatsoever as to how the ALJ erred, especially after Judge Brailsford's direction to do so, the Court is unable to grant relief in Plaintiff's favor. See *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("[C]laimant carries the initial burden of proving a disability."). A general allegation that the ALJ committed legal error, or that the ALJ's determination is not supported by substantial evidence, is simply not enough. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) (holding that the Ninth Circuit "has repeatedly admonished that we cannot 'manufacture arguments for appellant'" and will only review "'issues which are argued specifically and distinctly in a party's opening brief'") (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)); see also *Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 873 (9th Cir. 2001) (finding that the appellant's failure to develop his argument rendered it incapable of assessment by the court).

(Dkt. 25 at p. 10).

On February 28, Plaintiff timely filed an objection to the Report and Recommendation. (Dkt. 20). *See* 28 U.S.C. § 636(b)(1) (providing fourteen days after service of Report and Recommendation to object). That objection, however, merely provides basic information regarding the Rehabilitation Act, the Individuals with Disabilities Education Act, the Americans with Disabilities Act, the HIE Help Center, and in closing, provides, "I am ill and sick to write[] many pages." (Dkt. 26).

As noted by the Magistrate Judge, Plaintiff fails to cite to any particular part of the administrative record supporting his assertion the final decision is not supported by substantial

evidence or is contrary to law as the Court instructed him to do in its prior order. (Dkt. 25 at p. 10). Based on the same reasoning the Magistrate Judge provided, which is quoted above, the Court concludes there is no basis either to reverse the ALJ's decision and find Plaintiff is entitled to benefits or to remand the case for further proceedings.

Moreover, the Court concludes that the ALJ did not abuse its discretion or that substantial evidence supports the decision. As the Magistrate Judge notes, the ALJ discussed the evidence supporting his conclusion at step three of the five-step sequential evaluation process to conclude Plaintiff's impairments, while severe, do not meet or medically equal, either singly or in combination, the criteria established for any of the qualifying impairments. (Dkt. 25 at p. 5). *See* 20 C.F.R. § 416.920 (setting forth process). As accurately described in the Report and Recommendation, the ALJ discussed and relied on the entire record to conclude Plaintiff has the RFC to perform light work with some limitations, which the ALJ provides.

## ORDER

**IT IS ORDERED**:

1. The Report and Recommendation entered on February 20, 2024 (Dkt. 25), is **INCORPORATED** and **ADOPTED** in its entirety;

2. The decision of the Commissioner of the Social Security is **AFFIRMED**;

3. The Complaint for Review of a Social Security Disability or Supplemental Security Income Decision (Dkt. 3) is **DENIED**, and this action is **DISMISSED** with prejudice; and

4. The Court will enter a separate judgment in favor of Defendant in accordance with Federal Rule of Civil Procedure 58.

DATED: March 13, 2024

Amanda K. Brailsford
U.S. District Court Judge